UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
[INDIANAPOLIS DIVISION]

WAKEITHA HOLLAND,

    Plaintiff,

vs.

AMERICREDIT FINANCIAL SERVICES, INC.,
d/b/a "GM Financial," and
RELIABLE RECOVERY SERVICES, INC.,

    Defendants.
_____/

CASE NO.:  1:20-cv-346

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Wakeitha Holland, an individual ("Ms. Holland" or "Plaintiff), by and through her undersigned attorneys, files this her Original Complaint for Damages and Incidental Relief against Defendants, AmeriCredit Financial Services, Inc., doing business as "GM Financial," and Reliable Recovery Services, Inc., and alleges:

### GENERAL ALLEGATIONS

*PRELIMINARY STATEMENT*

1.    This is an action pursuant to 15 U.S.C. §1692, *et seq*., known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2.    This is also an action pursuant the Indiana Deceptive Consumer Sales Act, Indiana Code § 24-5-0.5, ("DCSA").  The DCSA states that:

> A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations.
>
>                                               DSCA § 24-5-0.5-3(a)

3. The DCSA § I.C. 24-5-0.5 further states that:

   (a) This chapter shall be liberally construed and applied to promote its purposes and policies.

   (b) The purposes and policies of this chapter are to:

   (1) simplify, clarify, and modernize the law governing deceptive and unconscionable consumer sales practices;

   (2) protect consumers from suppliers who commit deceptive and unconscionable sales acts; and

   (3) encourage the development of fair consumer sales practices.

4. This action seeks injunctive and monetary relief to redress the unlawful repossession of the motor vehicle of Ms. Holland. In particular, Defendants repossessed the motor vehicle of Ms. Holland without legal right and contrary to the requirements of the FDCPA, the Uniform Commercial Code ("UCC") and the DCSA. As a result, Ms. Holland is advancing claims against Defendants for *inter alia* violations of federal and state consumer protection laws for damages and injunctive relief with respect to the repossession of her motor vehicle.

## *JURISDICTION*

5. The jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Declaratory relief is available pursuant to 28 U.S.C. §§2201-2202.

## *ALLEGATIONS AS TO PARTIES*

6. At all times material hereto, Plaintiff, Wakeitha Holland ("Ms. Holland"), was *sui juris* and a resident of Madison County, Indiana.

7. At all times material hereto, Defendant, AmeriCredit Financial Services, Inc. was a Delaware corporation doing business as "GM Financial" ("GM Financial"), in Madison County, Indiana.

8. At all times material hereto, Defendant, Reliable Recovery Services, Inc. (Reliable Recovery Services"), was an Illinois corporation doing business in Madison County, Indiana.

9. At all times material hereto, GM Financial was in the business of providing *inter alia* consumer credit for the financing of new and used motor vehicles in the State of Indiana, including Madison County.

10. At all times material hereto, Reliable Recovery Services was a recovery agency doing business in the State of Indiana.

## FACTUAL ALLEGATIONS

### A. Financing of Motor Vehicle by Ms. Holland

11. On or about April 28, 2017, Ms. Holland entered into a written Retail Installment Contract – Motor Vehicle-Simple Interest ("Finance Agreement").

12. A true and correct copy of the Finance Agreement (with redacted personal information of Plaintiff) is attached hereto and incorporated herein by reference as Exhibit "A."

13. Pursuant to the Finance Agreement, Ms. Holland financed the purchase of a used 2015 Nissan Altima, VIN: 1N4AL3AP1FC424406 ("Hoskins Vehicle").

14. Since the purchase of the Holland Vehicle, Ms. Holland used the Holland Vehicle for personal and household purposes for herself and her family.

15. At all times material hereto, Ms. Holland lived with her family at 723 W. 3rd Street, Anderson, Indiana 46016 ("Holland Residence"), where the Holland Vehicle was stored in a secured gated area.

### B. Financial Struggles of the Holland Family

16. Since purchasing the Holland Vehicle, the Holland Family experienced financial difficulties arising in part from an unexpected decline in household income. This was triggered by Ms Holland having to resign from her job to take care of her ill mother who had cancer and also her becoming pregnant.

3

17. Unfortunately, as a result of their stretched budget, Ms. Holland became approximately four to five months late in making the monthly installment payments to GM Financial under the Finance Agreement.

18. GM Financial had not contacted Ms. Holland concerning the overdue payment other than one time, after which Ms. Holland made a payment and justifiably believed that she was not in immediate danger of having the Holland Vehicle repossessed by GM Financial.

### C. *Unlawful Repossession of the Holland Vehicle Through Breach of Peace*

#### 1. *Breaking of Locked Curtilage*

19. Apparently as the result of the delay in Ms. Holland making payments under the Finance Agreement, GM Financial retained or caused to be retained Reliable Recovery Services for the purpose of repossessing the Holland Vehicle.

20. On or about February 18, 2019, an employee of Reliable Recovery Services arrived at the Holland Residence for the purpose of repossessing the Holland Vehicle.

21. For several months, the Holland Vehicle has been stored at the Holland Residence behind a fenced curtilage which was accessible only through a firmly secured gate from the inside of the yard.

22. Notwithstanding the fact that the Holland Vehicle was behind a locked curtilage, Reliable Recovery Services nonetheless decided to repossess the Holland Vehicle.

23. In order to gain access to the Holland Vehicle, an employee or agent of Reliable Recovery Services removed the gate from the post hinges to effectively disassemble the locked gate. Once the gate was disassembled, the employee or agent of Reliable Recovery Services began the process of removing the Holland Vehicle.

#### 2. *Loss of Family Dogs of Plaintiff*

24. As a result of the fence removal, the puppies of the Holland Family were exposed to other neighborhood dogs. This exposure caused transmission of parvo to the Holland family

dogs which killed four puppies. Another two ran away due to a lack of a secure perimeter in the back yard and have not been seen since.

## COUNT I - ACTION FOR VIOLATION OF THE UNIFORM COMMERCIAL CODE
### *(AS TO GM FINANCIAL ONLY)*

25. This is an action for violation of Ind. Code 26-1-9-1 *et seq*. and Article 9, Part VI, of the Uniform Commercial Code ("UCC") brought herein pursuant to the doctrine of pendant jurisdiction.

26. Ms. Holland realleges and reaffirms the allegations contained in paragraphs 1 through 24 above as if fully set forth herein.

27. At all times material hereto, the Holland Vehicle was "collateral" as said term is defined under Ind. Code §26-1-9.1021(1)(l).

28. At all times material hereto, Ms. Holland was a "debtor" as said term is defined under Ind. Code §26-1- 9.1021(1)(28).

29. At all times material hereto, the Holland Vehicle constituted "consumer goods" as said term is defined under Ind. Code §26- 9.1021(1)(23).

30. At all times material hereto, GM Financial was a "secured party" as said term is defined under Ind. Code §26-1- 9.1021(1)(73).

31. The UCC creates a non-delegable duty on the part of GM Financial as creditor to repossess only by lawful peaceful means and in accordance with the UCC; GM Financial as creditor is liable for all acts of its independent contractor, Reliable Recovery Services, with regard to repossession of the Holland Vehicle.

32. Pursuant to Ind. Code §26- 9.1-609 (2)(b) provides, *inter alia*, that a secured party such as GM Financial may take possession of collateral without judicial process, if it proceeds without breach of the peace.

33. Pursuant to Ind. Code §26-1- 9.610 (2), every aspect of the disposition of collateral, including the method, manner, time, place and other terms must be commercially reasonable.

34. The repossession of the Holland Vehicle involved a breach of the peace and was not commercially reasonable within the meaning of the UCC.

35. GM Financial failed to provide reasonable notice to Ms. Holland of the sale or disposition of the Holland Vehicle as required by the UCC.

36. As a direct and proximate result of the above-described acts, GM Financial is liable for all damages sustained by Ms. Holland.

37. Pursuant to Ind. Code §26-1- 9.625(3)(b), Ms. Holland has the right to recover actual damages or an amount not less than the credit service charge, plus ten percent of the principal amount of the debt or the time-price differential plus 10 percent of the cash price.

WHEREFORE, Plaintiff, Wakeitha Holland, an individual, demands judgment against Defendant, AmeriCredit Financial Services, Inc., a Delaware corporation d/b/a "GM Financial," for damages, interest, and costs.

## COUNT II - ACTION FOR TRESPASS TO CHATTELS
*(AS TO BOTH DEFENDANTS)*

38. This is action for trespass of chattels brought herein pursuant to the doctrine of pendant jurisdiction.

39. Ms. Holland realleges and reaffirms the allegations contained in paragraphs 1 through 24 above as if fully set forth herein.

40. At all times material hereto, Ms. Holland had legal and equitable ownership and lawful possession of the Holland Vehicle at the time of its taking by Defendants.

41. Defendants interfered with the exclusive right to possession of Ms. Holland of the Holland Vehicle by repossessing the Holland Vehicle without the authority of law.

42. Defendants intended to perform the acts that amounted to the unlawful interference with the personal property of Ms. Holland.

43. Defendants had no legal authority or right to commit the acts that amounted to the unlawful interference with the personal property of Ms. Holland.

44. As a result of the above described trespass to the chattel of Ms. Holland, Ms. Holland has been damaged. The damages of Ms. Holland include, but are not necessarily limited to, mental pain and shock, suffering, aggravation, humiliation, embarrassment, as well as loss of the use of the Holland Vehicle while same was in the possession of Defendants.

45. The actions of Defendants were in wanton and reckless disregard for the rights of others to the extent that punitive damages are warranted. Ms. Holland reserves the right to amend her pleadings to seek punitive damages upon completion of appropriate discovery and subsequent proffer.

WHEREFORE, Plaintiff, Wakeitha Holland, an individual, demands judgment against Defendants, AmeriCredit Financial Services, Inc., doing business as "GM Financial," and Reliable Recovery Services, Inc., an Illinois corporation, for damages, together with interest and court costs.

### COUNT III - ACTION FOR TRESPASS TO REAL PROPERTY
*(AS TO BOTH DEFENDANTS)*

46. This is an action for trespass to real property brought herein pursuant to the doctrine of pendant jurisdiction.

47. Ms. Holland realleges and reaffirms the allegations contained in paragraphs 1 through 24 above as if fully set forth herein.

48. At all times material hereto, Ms. Holland had ownership and possession of the Holland Residence.

49. The entry by Defendants onto the property of the Holland Residence through the breaking of the curtilage was unlawful and contrary to the requirements of Indiana law.

50. As a result of the above described trespass to the real property of Ms. Holland, Ms. Holland has been damaged. The damages of Ms. Holland include, but are not necessarily limited to, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

51. The actions of Defendants were in wanton and reckless disregard for the rights of others to the extent that punitive damages are warranted. Ms. Holland reserves the right to amend her pleadings to seek punitive damages upon completion of appropriate discovery and subsequent proffer.

WHEREFORE, Plaintiff, Wakeitha Holland, an individual, demands judgment for damages against Defendants, AmeriCredit Financial Services, Inc., doing business as "GM Financial," and Reliable Recovery Services, Inc., an Illinois corporation, together with interest and court costs.

## COUNT IV - ACTION FOR CONVERSION
### *(AS TO BOTH DEFENDANTS)*

52. This is an action for conversion brought herein pursuant to the doctrine of pendant jurisdiction.

53. Ms. Holland realleges and reaffirms the allegations contained in paragraphs 1 through 24 above as if fully set forth herein.

54. In the event the Holland Vehicle has been sold or otherwise disposed of by Defendants, the taking of the Holland Vehicle was wrongful and without the authority of law.

55. As a direct and proximate result of the taking of the Holland Vehicle by Defendants, Defendants have converted the Holland Vehicle and have deprived Ms. Holland of the use and possession of same.

56. As a direct and proximate result of the conversion of the Holland Vehicle by Defendants, Ms. Holland has been damaged. The damages of Ms. Holland include, but are not

necessarily limited to, the fair market value of the Holland Vehicle as of the date of its taking, together with mental pain and shock, suffering, aggravation, humiliation and embarrassment.

57.     The actions of Defendants were in wanton and reckless disregard for the rights of others to the extent that punitive damages are warranted.  Ms. Holland reserves the right to amend her pleadings to seek punitive damages upon completion of appropriate discovery and subsequent proffer.

WHEREFORE, Plaintiff, Wakeitha Holland, an individual, demands judgment against Defendants, AmeriCredit Financial Services, Inc., doing business as "GM Financial," and Reliable Recovery Services, Inc., an Illinois corporation, for damages, interest and costs.

### COUNT V- ACTION FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692, *ET SEQ.*) *(AS TO RELIABLE RECOVERY SERVICES ONLY)*

58.     This is action for violation of 15 U.S.C. §1692, *et seq*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), seeking damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

59.     Ms. Holland realleges and reaffirms the allegations contained in paragraphs 1 through 24 above as if fully set forth herein.

60.     At all times material hereto, Ms. Holland was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

61.     At all times material hereto, GM Financial was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

62.     At all times material hereto, the obligation under the Finance Agreement was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

63.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, including:

>  (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if —
>
>  (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>
>  (B) there is no present intention to take possession of the property; or
>
>  (C) the property is exempt by law from such dispossession or disablement.
>
>  15 U.S.C. §1692f (6).

64. Repossession agents such as Reliable Recovery Services are typically not within the definition of the term "debt collector" under 15 U.S.C. §1692a(6), except with respect to compliance with the requirements of 15 U.S.C. §1692f(6). *See, e.g., Smith v. AFS Acceptance, LLC,* 2012 WL 1969415 (M.D.Ill.2012) (repossession agent is subject to the FDCPA if repossession occurs as a result of "breach of peace"); *Purkett v. Key Bank USA, N.A.*, 2001 WL 503050 (N.D.Ill.2001) (allegations that recovery agent which broke through locked door to repossess car sufficient to allege breach of peace for purposes of liability under 15 U.S.C. §1692f(6)).

65. As more particularly described above, Reliable Recovery Services has violated the FDCPA in that Reliable Recovery Services took possession of the Holland Vehicle through a breach of the peace under the UCC, in contravention of 15 U.S.C. §1692f(6)(A).

66. As a direct and proximate result of the violation of the FDCPA by Reliable Recovery Services, Ms. Holland has been damaged. The damages of Ms. Holland include, but are not necessarily limited to, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

67. Pursuant to 15 U.S.C. §1692k, Ms. Holland is entitled to recover actual damages together with statutory damages of $1,000.00, along with court costs and reasonable attorney's fees.

68. Ms. Holland has retained the undersigned counsel to represent her interests herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Wakeitha Holland, an individual, demands judgment against Defendant, Reliable Recovery Services, Inc., an Illinois corporation, for actual and statutory damages, together with interest, costs and attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT VI - ACTION FOR NEGLIGENCE
*(AS TO RELIABLE RECOVERY SERVICES ONLY)*

69. This is an action for negligence brought herein pursuant to the doctrine of pendant jurisdiction.

70. Ms. Holland realleges and reaffirms the allegations contained in paragraphs 1 through 24 above as if fully set forth herein.

71. At all times material hereto, Reliable Recovery Services had the duty to exercise reasonable care with respect to the repossession of the Holland Vehicle and to supervise its employees and agents so as to avoid a breach of the peace and damage to the property of Ms. Holland.

72. As more particularly described above, Reliable Recovery Services breached its duty of reasonable care with respect to the repossession of the Holland Vehicle.

73. As a result of the negligence of Reliable Recovery Services, Ms. Holland has been damaged.

## COUNT VII - ACTION FOR VIOLATION OF THE INDIANA DECEPTIVE CONSUMER SALES ACT I.C. § 24-5-0.5 ("DCSA")
*(AS TO BOTH DEFENDANTS)*

74. Ms. Holland realleges and reaffirms the allegations contained in paragraphs above.

75. Defendants engaged in a consumer transaction with Ms. Holland pursuant to Ind. Code § 24-5-0.5-2.

76. Defendants are suppliers as defined under Ind. Code § 24-5-0.5-2.

77. Defendants violated Ind. Code § 24-5-0.5-3(a) by engaging in an unfair, abusive, and/or deceptive act in repossessing the Vehicle and damaging the gate to the fence curtilage which lead to the loss of six dogs and damage to her property.

78. Defendants committed an uncured deceptive act in violation of Ind. Code § 24-5-0.5 by the manner in which the Holland Vehicle was repossessed.

79. Defendants committed an incurable deceptive act in violation of Ind. Code § 24-5-0.5 by the manner in which the Holland Vehicle was repossessed.

80. Defendants' conduct was willful or in reckless disregard of Ms. Holland's rights under the DCSA.

81. Defendants' conduct proximately caused injuries to Ms. Holland.

82. Defendants' deceptive acts were done as part of a scheme, artifice, or device with intent to defraud or mislead and constitute incurable deceptive acts under Ind. Code § 24-5-0.5-1 *et seq*.

WHEREFORE, Plaintiff requests statutory damages, reasonable attorney fees, costs of suit, treble damages and an order enjoining Defendants' unlawful practices, and any other relief which the Court deems proper.

## COUNT VIII- ACTION FOR VIOLATION OF THE
## INDIANA CRIME VICTIM'S RELIEF ACT I.C. § 34-24-3-1
*(AS TO BOTH DEFENDANTS)*

83. Plaintiff incorporates all prior paragraphs.

84. By knowingly or intentionally, in the regular course of business, breaching the peace, and destroying the gate to the fence curtilage, the Defendants committed the crime of Deception pursuant to Ind. Code § 35-43-5.

85. Plaintiffs suffered a pecuniary loss as a result of the violation of Ind. Code § 35-43-5.

86. Plaintiffs are entitled to all damages as provided by Ind. Code § 34-24-3.

WHEREFORE, Plaintiffs request that this Court declare that Defendants violated Ind. Code § 34-24-3-1, the sum of trebled damages actually suffered; reasonable attorney fees and costs to be determined by the court.

## DEMAND FOR JURY TRIAL

Plaintiff, Wakeitha Holland, an individual, pursuant to pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

DATED this __30th__ day of __January__, 2020.

Respectfully submitted,

*/s/ Ryan R. Frasher*_____
RYAN R. FRASHER, ESQUIRE
Bar No.  27108-49
3209 W. Smith Valley Road, Suite 253
Greenwood, IN 46142
Telephone:  (317) 300-8844
Facsimile:  (317) 218-4501
E-Mail: rfrasher@frasherlaw.com


*/s/ Robert W. Murphy*_____
ROBERT W. MURPHY, ESQ.
Florida Bar No.:  717223

13

          1212 S.E. 2nd Avenue
          Fort Lauderdale, Florida 33316
          Telephone: (954) 763-8660
          Facsimile:  (954) 763-8607
          E-Mails:  rphyu@aol.com; and
          rwmurphy@lawfirmmurphy.com;
          legalassistant@lawfirmmurphy.com

***Counsel for Plaintiff***